# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DESMOND A. WILLIAMS, | * |
| Petitioner, | * |
| v. | *     Civil Action No. PX-20-3407 |
| SIMON WAINWRIGHT, Warden and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | *     * |
| Respondents. | * |

***

## MEMORANDUM OPINION

Pending is Desmond A. Williams' amended petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In it, Williams challenges his conviction and sentence in the Circuit Court for Baltimore City for second-degree murder and use of a handgun in a crime of violence. Respondents urge dismissal of the petition as time barred, and Williams opposes the requested relief. ECF Nos. 5, 12. The Court has reviewed the pleadings and determines that an evidentiary hearing is not necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the petition will be dismissed and a certificate of appealability shall not issue.

## I. Background

On July 9, 1996, Williams pleaded guilty in Baltimore City Circuit Court to second-degree murder and use of a handgun. He was sentenced to 30 years' imprisonment on the murder offense and 20 years for the handgun, with the first five years to be served without parole, all to follow by

five years' probation.  *See* in Case No. 196040023, Cir. Ct. Balt. City.[1]  *See also* ECF No. 1-2; ECF No. 5 at 1-2; ECF No. 11-1 at 3, 5.

On July 15, 1996, Williams filed a motion in Circuit Court for modification of sentence, which was denied on March 13, 1997.  ECF No. 11-1 at 5.  Then on May 13, 2002, July 15, 2002, and November 22, 2004, Williams filed motions to correct an illegal sentence, all of which were denied.  *Id.* at 6.

Williams next filed a petition for post-conviction relief on September 7, 2005.  The Circuit Court conducted the post-conviction hearing on February 14, 2006 and denied the petition on July 10, 2006.  *Id*. at 7.  On August 11, 2006, Williams filed an application for leave to appeal the denial of postconviction relief in the Court of Special Appeals of Maryland.  *Id.*  On April 4, 2007, the court denied the application for leave to appeal.  *Id.* at 8.

Over thirteen years later, on November 16, 2020, Williams filed the petition pending before this Court.  ECF No. 1 at 5; *see Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).  In the petition, Williams asserts that he received an illegal sentence, an "ambiguous sentence," that his sentence violated his plea agreement, and that his incarceration term exceeds the sentence amounting to "involuntary servitude."  ECF No. 5 at 3.  Because Williams filed the petition well after the one-year limitations period provided under 28 U.S.C. § 2244 and no other exception tolls limitations, the petition must be dismissed as time-barred.

---

[1] As to the second-degree murder offense, it appears that all but ten years of the sentence was suspended. ECF No. 1-2; http://casesearch.courts.state.md.us (visited June 21, 2021). However, the docket also reflects that Williams' probation may have been revoked in 2019 (ECF No. 11-1 at 3-4). This petition presents no claim regarding a violation of probation proceeding.  If Williams wishes to challenge the violation of probation proceedings, he must file a separate § 2254 petition.

## II. Discussion

### A. Applicable Limitations Period

28 U.S.C. § 2244 provides a one-year limitation period for filing a petition for habeas corpus in this Court, expressly stating that the time to file runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Williams' judgment of conviction became final on August 8, 1996, when the deadline for filing an application for leave to appeal his guilty plea expired. *See* Md. Code Ann. Cts. and Jud. Proc. Art., § 12–302(e) (providing that appeal of a guilty plea is by way of application for leave to appeal); Md. Rule 8–204(b) (requiring application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought). The limitations period expired one year later, on August 8, 1997. Clearly this petition, filed on November 16, 2020, is not timely. Accordingly, the petition must be dismissed unless Williams can demonstrate that the limitations period must be tolled. For the following reasons, Williams has not made such a showing.

### B. Statutory Tolling

The limitations period applicable to a federal habeas petition may be tolled either by statute or equitably. As to the statute, 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Williams first challenged his sentence in his motion for modification of sentence, which tolled limitations from July 15, 1996, through March 13, 1997. *See Mitchell v. Green*, 922 F.3d 187 (4th Cir. 2019) (holding that a motion filed pursuant to Md Rule 4-345(e) tolls the one-year limitations period under 28 U.S.C. § 2244(d)(2)). But Williams pursued no further relief for five-years. By that time, the one-year limitations period had long expired. Similarly, with regard to his state post-conviction petition, even if the Court could somehow construe his current petition to pursue a cognizable claim arising from that proceeding, the post-conviction petition became final over thirteen years before Williams filed this petition. Thus, statutory tolling does not save his claims.

### C. Equitable Tolling

Equitable tolling applies "in 'those rare instances where' due to circumstances external to the party's own conduct 'it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To receive the benefits of equitable tolling, the petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating that a habeas petitioner

seeking equitable tolling must establish that some wrongful conduct by respondent prevented him from timely filing the petition or that extraordinary circumstances outside of the petitioner's control caused the delay). Under the doctrine of equitable tolling, the Court may consider time-barred claims if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Williams maintains that the limitations should toll because his sentence is "ambiguous," and so he did not enter a knowing and voluntary plea. ECF No. 5 at 3. But this assertion alone provides little support for equitable tolling. *See Woodward v. Cline*, 693 F.3d 1289 (10th Cir. 2012) (holding that state prisoner's claim that his guilty plea was not knowing and voluntary was not claim of actual innocence necessary to equitably toll limitations period). Notably, Williams provides no basis for the Court to find he is actually innocent of the underlying offenses or that he was prevented in any way from pursuing his federal habeas relief sooner. To the extent Williams may be asserting that he is unfamiliar with the law, this alone does not provide grounds for equitable tolling of the filing deadline. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). The Court thus concludes that Williams' petition is untimely, and no basis exists to extend the limitations period. The claims are therefore time-barred and the petition must be dismissed.

## III. Certificate of Appealability

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773–

74 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). If, as here, a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Williams fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Williams may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV. Conclusion**

For the foregoing reasons, the Petition is dismissed as time barred. A separate Order follows.

| | |
|---|---|
| 6/23/21 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |